IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN GREGG,**

    **Petitioner,**

v.                                                                Civil Action No. 1:11cv112
                                                                    (Judge Keeley)

**CITY OF WHEELING,**
**SCOTT SMITH,**
**ARTHUR RECHT,**

    **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

On July 25, 2011, the *pro se* petitioner filed what purports[1] to be a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Dckt. 1). The petitioner was granted leave to proceed *in forma pauperis* on August 17, 2011. The case is pending before the undersigned pursuant to LR PL P 2.

### I. Procedural History[2]

**A. Petitioners' Conviction and Sentence**

On April 16, 2004, following a jury trial, the petitioner was found guilty of Robbery in the Second Degree and Entering Without Breaking . By order entered June 14, 2004, the petitioner was

---

[1]The undersigned notes that although the "petitioner" wrote Habeas Corpus on the pleading, he refers to himself as the plaintiff, and the other parties as defendants. Moreover, although the "petitioner" asks this court to discharge him based on the evidence recited in his pleading, he also asks for monetary damages, conveyance of various properties in Wheeling, a 2011 Ford passenger van, and a case of red wine. In that regard, this action is similar to a 1983 action that the plaintiff filed in October of 2006. See 5:06cv121.

[2]The petitioner filed a previous § 2254 petition with this Court on October 26, 2006. The respondent filed a response in that matter, and the procedural history is taken from the pleadings in that case. See 1:06cv157.

found to be guilty of Recidivism within the meaning of West Virginia Code § 61-11-18 and was sentenced to five to eighteen years on his conviction for Entering without Breaking; one to ten years on his conviction for Robbery in the Second Degree; and life for Recidivism. The sentencing judge further ordered that the sentences for Recidivism and Entering Without Breaking be served concurrently.

**B.    The Petitioner's Direct Appeal**

The petitioner filed an Appeal with the West Virginia Supreme Court of Appeals which was refused on May 24, 2005. The petitioner did not file a petition for certiorari in the United States Supreme Court.

**C.    The Petitioner's State Habeas Proceedings**

The petitioner filed a petition for writ of habeas corpus in the Circuit Court of Ohio County on October 13, 2006. As grounds for relief, the petitioner raised the issue of "identification." It appears from the instant petition, that his state habeas was subsequently denied. It further appears that the petitioner filed a second habeas petition in the Circuit Court of Ohio County on September of 2009, alleging that the sentencing judge violated constitutional law when he sentenced him "thrice for one principal offense." (Doc. 1-3, p. 5). The petitioner indicates that there has been no ruling on his second state habeas.

## II.    Analysis

**A.    One-Year Limitation Period**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner does not assert that the Government impeded the filing of his §2254 petition,

3

that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

As previously noted, the petitioner's direct appeal was refused on May 24, 2005. Because the petitioner did not file a petition for certiorari in the United States Supreme Court, his conviction became final of August 22, 2005, the date the time for seeking direct review expired.[3] Consequently, the petitioner had one year from August 23, 2005, or until August 23, 2006 to filed a § 2254 petition.

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d at 327. In this particular case, the petitioner did not take any action between August 23, 2005 and August 23, 2006. In fact, the petitioner did not file his state habeas petition until October 13, 2006, after the one year limitations period had ended. Therefore, the petitioner's state habeas petition did not toll the one year limitation period. Therefore, because the statute of limitations had expired on August 23, 2006, and there is no event which tolled the statute of limitations, the petitioner filed his current § 2254 petition nearly five years after the statute of limitations had expired and is, therefore, untimely.

**B. Equitable Tolling**

---

[3]The Fourth Circuit has held that the time for seeking direct review of a state court conviction concludes when either the period for filing of a writ of certiorari in the United States Supreme Court expires or such writ is denied by the United States Supreme Court. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). The petitioner's conviction, therefore, became final upon the expiration of the 90-day period for seeking a writ of certiorari in the United States Supreme Court. See Rule 13.1 of the Supreme Court Rules.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In the instant case, the petitioner gives the following explanation for why the statute of limitations as contained in 28 U.S.C. § 2254 does not bar his petition:

> Because no statute of limitations can be imposed on Constitutional rights. The constitution was mans [sic] attempt to impose Gods [sic] rule on Earth. No where in Biblical law does God impose 3 punishments for one offense....No where can 3 sentences be justified for one principal offense in scripture...

(Doc. 1-3, pp. 14-15). Clearly, the petitioner has not provided an extraordinary circumstance to justify tolling the statute of limitations.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2254 habeas corpus petition (Dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court. It is further recommended that the petitioner's pending motions, specifically, Motion to Support Habeas Corpus (Dckt. 9); Motion for Amended Petition (Dckt. 10), which seeks only to increase his claim for monetary damages; and Motion for Release from Custody (Dckt. 11) be

**DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 1 September 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE