IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN GREGG,**

    **Petitioner,**

**v.    //    CIVIL ACTION NO. 1:11CV112**
                            **(Judge Keeley)**

**CITY OF WHEELING,**
**SCOTT SMITH,**
**ARTHUR RECHT,**

    **Respondents.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 25, 2011, pro se petitioner, Brian Gregg ("Gregg"), filed a Writ for Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of West Virginia (dkt. no. 1). Gregg then filed a "Motion to Support Habeas Corpus" (dkt. no. 9) on August 23, 2011, a "Motion for Amended Petition" (dkt. no. 10) on August 25, 2011, and a "Motion to Order Release" (dkt. no. 11) on August, 30, 2011. The Court referred the matter to Magistrate Judge Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation Procedure 2. On September 1, 2011, Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Gregg's petition be dismissed with prejudice for being untimely (dkt. no. 12).

The R&R stated that any party could file objections to the report and recommendation within fourteen days of being served. Gregg filed two motions in response to the R&R, a "Motion to

Appeal" (dkt. no. 14) on September 9, 2011, and a "Motion to Uphold Constitution of the United States of America" (dkt. no. 15) on September 14, 2011, which the Court construes as timely filed objections. Gregg also filed a "Motion to Order Unconditional Release" (dkt. no. 16) on October 17, 2011, in which he reasserts the arguments of his original petition.

Gregg specifically objects to Judge Kaull's finding that his § 2254 petition was untimely under the one-year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"], 28 U.S.C. § 2244(d).[1] Gregg does not argue that his petition was timely under the AEDPA, but rather that the AEDPA's one-year statute of limitations is unconstitutional.

After reviewing the record and conducting a de novo review of the matters before the Magistrate Judge, the Court **FINDS** without difficulty that Gregg's objections are without merit. As noted by Judge Kaull, Gregg filed his petition nearly five years after the one-year statute of limitations had run. See 28 U.S.C. § 2244(d). Furthermore, Gregg has not provided any extraordinary circumstances

---

[1] Gregg also reasserts the argument of his original petition, that the state court sentenced him multiple times for the same offense. Because the Court agrees with Magistrate Judge Kaull's conclusion that Gregg's petition was not timely filed, the Court does not address this argument here.

**GREGG V. CITY OF WHEELING**                                          **1:11CV112**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

to justify equitable tolling of the statute. See <u>Untied States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004). Accordingly, the Court:

   1. **ADOPTS** the Report and Recommendation (dkt. no. 12) in its entirety;

   2. **DENIES** Gregg's § 2254 habeas corpus petition (dkt. no. 1);

   3. **DENIES AS MOOT** Gregg's remaining motions (dkt. nos. 9, 10, 11, 15, and 16); and

   4. **DISMISSES** the case **WITH PREJUDICE** and directs the Clerk to strike it from the Court's docket.

   It is so **ORDERED**.

   Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested.

Dated: November 14, 2011

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE